HANLON, JUDGE:
Claimant brought this action pursuant to the provisions of West Virginia Code . 14-12-13a for compensation relating to an unjust conviction. Claimant was sixteen years of age when he was indicated on April 2, 1977, on a felony charge of aiding and abetting another person in the commission of the felony of breaking and entering. Claimant was thereafter transferred from the Juvenile Division to the Adult Division by a Transfer Order dated May 3,1977. Claimant pleaded not guilty and was then tried and convicted of the felony of aiding and abetting whereupon he was sentenced on July 6, 1979, to confinement in the State Penitentiary for one to ten years. After serving approximately three and one-half years of this sentence, claimant was released. Claimant *78 alleges that he should be compensated for the time served on this conviction as it was voided at a later date by an Order of the Wood County Circuit Court.
The evidence submitted by the parties revealed that in 1983 claimant was charged and convicted of the felony of armed robbery and the felony of voluntary manslaughter. The prosecutor sought to enhance the sentence for voluntary manslaughter based upon the previous conviction of aiding and abetting for which claimant had served time in the penitentiary. Claimant then challenged the transfer from juvenile to adult status which had occurred in 1977. By Order dated August 31, 1983, the Wood County Circuit Court dismissed the information which sought enhancement of the voluntary manslaughter conviction based upon the prior conviction in 1977. The Court ruled that the 1977 Transfer Order contained no findings of fact, did not set forth any information or reason for the transfer from juvenile to adult jurisdiction, and did not contain any statement of the reason or reasons why juvenile jurisdiction was relinquished.
At the time of the claimant's 1977 transfer from juvenile to adult jurisdiction these requirements were not statutorily mandated. The amendment to West Virginia Code Chapter 49, Article 5, Section 10 requiring finding of fact and conclusions of law became effective July 5, 1977, subsequent to the Transfer Order in question.
Whatever the basis of the 1983 Wood County Circuit Court decision that the 1977 conviction could not be used for enhancement purposes, it is clear that the guilt or innocence of the claimant for the 1977 charges was not addressed.
The Court herein is of the opinion that claimant has failed to bring this claim within the intended provisions of West Virginia Code Chapter 14, Article 2, Section 13a which was passed by the Legislature to compensate individuals unjustly arrested or convicted and thereafter determined to be innocent of any wrongdoing. The Court Order relied upon by claimant to establish this claim fails to establish a wrongful conviction as contemplated by the statute. Therefore, the Court is of the opinion to and does deny this claim.
Claim is disallowed.